IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHN SANDEL,                          §
                    *Plaintiff,*       §
                                      §
v.                                    §                    CIVIL ACTION H-13-1596
                                      §
FAIRFIELD INDUSTRIES, INC.,            §
                    *Defendant.*       §

### MEMORANDUM OPINION AND ORDER

Pending before the court is John Sandel's ("Sandel") motion for conditional class certification and notice to potential class members. Dkt. 9. After considering the motion, response, reply, record evidence, and applicable law, the court is of the opinion that the motion should be GRANTED in part and DENIED in part.

## I. BACKGROUND

Sandel brings this FLSA case for unpaid overtime wages and seeks conditional certification of a collective action including all Seismic Crew members. Sandel worked for defendant as a compressor mechanic. Dkt. 1, pp.3-4. He alleges that he and others in similar positions were paid on a "day rate" system. *Id.* Sandel maintains that the "day rate" system provided him the same amount of compensation per day regardless of the number of hours he worked, thereby violating the FLSA overtime requirements. *Id.* Sandel suggests that there are 172 Seismic Crew members who were compensated under the day rate system. Dkt. 9, p. 9. Sandel was provided contact information for these individuals in November 2013. Sandel "has not, however, attempted to recruit any other workers to join the case" as he prefers to "seek opt-ins though a court approved notice." *Id.* at 15.

A similar collective action was filed on November 22, 2013 against Fairfield Industries, Inc. by Chad Colvin ("Colvin") in the Southern District of Texas, Cause No. H-13-CV-3477. The cases

have since been consolidated into this lead case, which was the first filed action.  Dkt. 17.  Like Sandel, Colvin declared his consent to proceed in a collective action against defendant on behalf of himself and all other Line Chiefs that were allegedly victimized by the defendant's pay practices. *Colvin v. Fairfield Industries, Inc.*, Cause No. H-13-CV-3477, Southern District of Texas, Houston Division, Dkt. 1 at 4; Dkt. 5.

For purposes of conditional class certification, defendant does not challenge the scope of the class or the day rate payment method, but opposes conditional certification on the sole basis that plaintiff has not made a showing that there are any other purported class members who wish to opt-in to the class.  Plaintiff maintains that he is only required to show that there are similarly situated aggrieved individuals that exist, as opposed to an affirmative interest in the collective action by putative class members.  Dkt. 9 at 10.  Alternatively, if the court grants conditional class certification, defendant requests that certain language in the proposed notice be eliminated or modified and that contact information for defendant's counsel be included in the notice.

## II.  LEGAL STANDARD

Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of the statutorily defined maximum hours.  29 U.S.C. § 207(a).  Section 216(b) creates a cause of action against employers who violate the overtime compensation requirements.  *Id.* at § 216(b).  Section 216(b) also permits an employee to bring suit against an employer on "behalf of himself . . . and other employees similarly situated."  *Id.* Employees who wish to participate in a § 216(b) collective action must affirmatively "opt in" by filing with the court a written consent to become a party.  *Id.*

Although the Fifth Circuit has declined to adopt a specific test to determine when a court should certify a class or grant notice in a § 216(b) action, most federal courts (including this court) have adopted the *Lusardi* test when deciding these issues.  *See Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995) (discussing but declining to adopt the test applied in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987)), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *Badgett v. Tex. Taco Cabana, L.P.*, 2006 WL 2934265, *1-2 (S.D. Tex. 2006).  Under the *Lusardi* test, a district court approaches the question of whether the potential plaintiffs are "similarly situated" through a two-stage analysis.  *Mooney*, 54 F.3d at 1213.

The two stages of the *Lusardi* test are the "notice stage" and the "decertification stage." *Badgett*, 2006 WL 2934265, at *1.  At the notice stage, the court makes a decision, usually based solely on the pleadings and any submitted affidavits, whether to certify the class conditionally and give notice to potential class members.  *Mooney*, 54 F.3d at 1213.  The decision is made using a "fairly lenient standard" because the court often has minimal evidence at this stage of the litigation. *Id.* at 1214.  Courts, in fact, "appear to require nothing more than substantial allegations that putative class members were together the victims of a single decision, policy or plan . . ."  *Id.* (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)).  Thus, notice stage analysis typically results in conditional certification of a representative class.  *Badgett*, 2006 WL 2934265, at *1.  After conditional certification, the "putative class members are given notice and the opportunity to 'opt-in.'"  *Mooney*, 54 F.3d at 1214.

After notice issues, the action proceeds as a representative action.  *Id.*  The second stage of the *Lusardi* approach—the "decertification stage"—is typically precipitated by the defendant filing a motion to decertify after the opt-in period has concluded and discovery is largely complete.  *Id.*

3

"At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Id.* If the court finds the claimants are no longer made up of similarly situated persons, it decertifies the class and dismisses the opt-in plaintiffs without prejudice. *Id.* If the class is still similarly situated, the court allows the action to proceed. *Id.*

### III. ANALYSIS

#### A. Conditional Certification

Defendant maintains that conditional class certification is not proper because plaintiff has not identified any other potential class members who want to opt in to this lawsuit. Sandel notes the split of authority surrounding this issue in the district courts of the Fifth Circuit and maintains that he has presented sufficient proof that aggrieved persons subject to the same payment policy exist, warranting conditional class certification and notification. Sandel asserts he has not attempted to contact other potential class members because he does not want to circumvent his request to the court to provide court-ordered notification to potential class members.

The instant case is at the notice stage. While the notice stage standard is lenient, it is not automatic. *Badgett*, 2006 WL 2934265, at *2. The plaintiff bears the burden of making a preliminary factual showing that a similarly situated group of potential plaintiffs exists. *Id.* To establish this, the plaintiff must make a minimal showing that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Maynor v. Dow Chem. Co.*, 2008 WL 2220394, *6 (S.D. Tex. 2008) (citing *Prater v. Commerce Equities Mgmt. Co.*, 2007 WL 4146714, *4 (S.D. Tex. 2007)

4

and *Simmons v. T-Mobile USA, Inc.*, 2007 WL 210008, *5 (S.D. Tex. 2007)). A court may deny conditional certification and notice "'if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.'" *Id.* (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)). However, the court "'need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated.'" *Id.* (quoting *Holbrook v. Smith & Hawken, Ltd.*, 246 F.R.D. 103, 106 (D. Conn. 2007)). The "remedial nature of the FLSA and the purposes of Section 216 militate strongly in favor of allowing cases to proceed collectively." *Roussell v. Brinker Int'l, Inc.*, 2008 WL 2714079, *24 (S.D. Tex. 2008).

The court notes the split in authority and reasoning surrounding the requirement that plaintiff must show an interest by other similarly situated individuals to opt in to a collective action,[1] but finds that Sandel, in this case, has demonstrated sufficient interest in this collective action to warrant certification. While Sandel's declaration is the only one in the original lawsuit, the subsequent (and now consolidated) lawsuit of Colvin amounts to two named plaintiffs seeking to pursue a collective action on behalf of at least 172 other potential putative class members. *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 291 (N.D. Tex. 2012) (finding two declarations sufficient to satisfy the first stage of certification proceedings). Sandel, additionally, submitted emails and defendant's response to other workers' concerns that defendant's day rate pay system resulted in underpayment. Dkt. 9, Exs.

---

[1] *See Vasquez v. Am. Bor-Trench, Inc.*, 2014 WL 297414, *3 n.3 (S.D. Tex. 2014) (noting that some courts have rejected the non-statutory element requiring plaintiffs to demonstrate that there are individuals who want to opt in to the lawsuit); *Dreyer v. Baker Hughes Oilfield Operations, Inc.*, 2008 WL 5204149, *3 (S.D. Tex. 2008) (rejecting third element).

10-11. The court is, thus, satisfied, under these facts, that a similarly situated group of aggrieved individuals exist and that such individuals may have an interest in joining this suit once notified.

### B.      Notice

Defendant objects to four aspects of Sandel's proposed notice. Specifically, defendant asserts that the language in the notice provides "tacit encouragement" to join the lawsuit by stating that class members do not have to pay anything to join the case "win or lose" and by stating that by not joining the case "the amount of money they can recover may be reduced or eliminated due to the passage of time." Dkt. 10, p. 4. Defendant also objects because its counsel's contact information is not included in the notice and plaintiff's description of the case does not objectively and neutrally describe plaintiff's claim as one for unpaid overtime.

Courts have discretion in deciding how notice is distributed. *Mooney*, 54 F.3d at 1214; *Hoffman–La Roche*, 493 U.S. at 169 ("[C]ourts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs."); *Ali v. Sugarland Petroleum*, 2009 WL 5173508, *3 (S.D. Tex. 2009) ("[T]he court may exercise its discretion in defining the class of plaintiffs who will receive notice and how they will be notified."). The notice "should merely provide background information and an opportunity to join the class, with complete contact data for both parties' counsel, but the notice should not serve as tacit encouragement of other litigation." *Lopez v. Bombay Pizza Co.*, 2012 WL 5397192, *3 (S.D. Tex. 2012).

The court overrules each of defendant's objections to the proposed notice except it will require plaintiff to include contact information for defendant's counsel in the notice. The FLSA opt-in notices often contain the names of all counsel, clearly identifying which party each attorney represents and which attorneys should be contacted to join the lawsuit. *Id.*; *Gonzalez v. Ridgewood*

6

*Landscaping, Inc.*, 2010 WL 1903602, *8 (S.D. Tex. 2010).  Accordingly, the court will allow this

modification.  Otherwise, the language in the proposed notice is factual, complete, and concise.  It

does not misconstrue the claims in this case or encourage litigation.

## IV. CONCLUSION

For these reasons, Sandel's motion to conditionally certify a FLSA collective action and send

notices to the potential class members (Dkt. 9) is GRANTED in part and DENIED in part as set forth

above.  It is ORDERED that the notice submitted to putative class members shall be in the form

proposed by plaintiff, except it should also include contact information for defendant's counsel.

It is so ORDERED.

Signed at Houston, Texas on April 8, 2014.

_____
Gray H. Miller
United States District Judge